# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued April 11, 2022          Decided August 12, 2022

No. 20-3081

UNITED STATES OF AMERICA,
APPELLEE

v.

AMISTAD DJIMON VENEY,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cr-00302-1)

———

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Tony Axam, Jr.*, Assistant Federal Public Defender, entered an appearance.

*Eric Hansford*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Chrisellen R. Kolb* and *Suzanne Grealy Curt*, Assistant U.S. Attorneys.

Before: WILKINS and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: Amistad Veney was convicted of unlawfully possessing a loaded firearm.  He does not dispute that the bulge of that gun in his waistband gave an arresting officer the reasonable suspicion required to conduct a stop-and-frisk that uncovered the gun.  But Veney argues he submitted to an illegal show of authority several seconds before then, when the officer did not yet have a close view of the bulge in Veney's waistband.

We disagree: Veney did not submit to a show of authority.

\* \* \*

On an afternoon in September 2019, Officer Nelson Torres and three other police officers were on patrol in an unmarked car.  When they came to the parking lot of an apartment complex in a high-crime area, Officer Torres observed Amistad Veney and another man exchange objects.  After Veney looked towards the officers and walked in the opposite direction, three of the officers got out of their car, including Officer Torres, and walked towards Veney.  Officer Torres was wearing a tactical vest that identified him as a police officer.

At a fence corner, Veney stopped, and Officer Torres asked him, "Big man, you got nothing on you, man?"  *United States v. Veney*, 444 F. Supp. 3d 56, 60 (D.D.C. 2020).

Veney replied, "I ain't got shit on me."  *Id.*

"You mind turning around for me?" asked Officer Torres. *Id.*

"I'm not, man," said Veney, as he began to walk down the sidewalk, away from Officer Torres. "Nah, I'm going to walk off." *Id.*

According to Veney, Officer Torres then made a show of authority: "No," said Officer Torres, as he trailed behind Veney. "I just want to make sure you don't got no guns." *Id.*

Veney continued down the sidewalk. At the same time, he swiveled his upper body back toward Officer Torres and lifted his arms away from his body. "I don't got shit on me," said Veney. *Id.*

According to Veney, by then, he had submitted to a show of authority and had thereby been seized.

After that, Officer Torres caught up with Veney and saw a bulge in his waistband. When Officer Torres asked what the bulge was, Veney said it was a belt. Officer Torres put his hand on Veney's chest and said, "Ok, hold on, hold on." *Id.*

While another officer restrained Veney's arms, Officer Torres patted down the area around Veney's waistband. As he did so, he felt the outline of a gun. And upon lifting Veney's shirt, he found a loaded, 9mm semi-automatic handgun.

Veney was arrested and indicted for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. *See* 18 U.S.C. § 922(g)(1). He moved to suppress the gun and ammunition, arguing that it was the fruit of an illegal seizure that occurred when he submitted to a show of authority by Officer Torres.

After hearing from Officer Torres and reviewing the evidence submitted by the parties, which included body-cam footage, the district court denied Veney's motion. At a bench trial, it found Veney guilty and sentenced him to one year and three months in prison, followed by two years of supervised release.

Veney appeals, and we affirm.

\* \* \*

"For purposes of the Fourth Amendment a seizure occurs when physical force is used to restrain movement or when a person submits to an officer's show of authority." *United States v. Brodie*, 742 F.3d 1058, 1061 (D.C. Cir. 2014) (cleaned up). "A show of authority sufficient to constitute a seizure occurs where the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business, or, put another way, where a reasonable person would have believed that he was not free to leave." *United States v. Delaney*, 955 F.3d 1077, 1081 (D.C. Cir. 2020) (cleaned up). Veney bears the burden of showing his submission to a show of authority, and we decide de novo whether he has met that burden. *Id.*

The government does not appeal the district court's finding that Officer Torres made a show of authority through his answer — "No. I just want to make sure you don't got no guns." — to Veney's declaration that he was "going to walk off." *Veney*, 444 F. Supp. 3d at 60, 62-63. So the question is whether Veney submitted when he responded to that statement by Officer Torres.

In Veney's own description of his response, he "continued moving forward but turned his head to face and respond to

Officer Torres, swiveled his body towards him, brought his arms out away from his body, and said 'I don't got shit on me.'" Appellant Opening Br. at 14-15.

Veney has not described submission to a show of authority. Because Officer Torres's statement ("No.") followed Veney's declaration that he was "going to walk off," Veney could not submit while he "continued moving forward." One cannot submit to an order not to "walk off" by walking off.

Veney argues that he was not actually walking away from Officer Torres when he "continued moving forward." That might make sense if Officer Torres had been in front of Veney. Officer Torres was, however, several steps behind him. So when Veney "continued moving forward," Veney was walking away.

Veney says he slowed his pace before Officer Torres blocked his path. After reviewing video footage, the district court found otherwise. But we need not resolve this factual dispute. When a moviegoer is leaving a theater, he does not *stop* leaving the theater simply because he slows the pace of his exit.[1]

---

[1] To be clear, we review the district court's factual findings for clear error. *United States v. Mabry*, 997 F.3d 1239, 1243 (D.C. Cir. 2021). But we need not resolve any factual disputes in this case because even assuming the truth of the historical facts alleged by Veney — such as his claim that he slowed his pace — his alleged facts do not demonstrate submission to a show of authority. And we decline to find clear error when the video evidence appears consistent with the district court's factual findings. *See United States v. Garcia-Garcia*, 957 F.3d 887, 896 (8th Cir. 2020).

Finally, Veney claims that when a police officer orders a suspect to turn around, the suspect submits when he turns around. But there is more to the story here. When Veney declared an intent to "walk away," Officer Torres replied, "No." He thereby left no doubt that in addition to wanting Veney to turn around — which he had requested earlier — he also wanted Veney *not* to walk away. And in that context, a subsequent statement like "I just want to make sure you don't got no guns" is best understood as explaining why an officer wants a suspect to halt, not as inviting a suspect to momentarily swivel his body while he continues to walk away.

Moreover, even when a show of authority does not expressly prohibit flight, it can do so implicitly. For example, the police likely do not want someone to run away with his hands in the air after they yell, "Put your hands up!" Perhaps that is why Veney has failed to identify any circuit case in which a suspect submitted to a show of authority while walking *away* from the police.[2]

---

[2] *Cf. Brendlin v. California*, 551 U.S. 249, 262 (2007) (submission when a passenger *stayed inside a car* pulled over by the police); *Mabry*, 997 F.3d at 1246 (in response to requests to look inside a suspect's bag, the suspect submitted to authority by "*not leaving* though he clearly wanted to" (emphasis added)); *Delaney*, 955 F.3d at 1085 (submission when the driver *stayed inside a parked car* in a parking lot); *United States v. Castle*, 825 F.3d 625, 634 (D.C. Cir. 2016) (submission to an officer's show authority by a suspect walking toward another officer and "*not trying to go anywhere*" (cleaned up) (emphasis added)); *Brodie*, 742 F.3d at 1061 (submission when a pedestrian *stopped walking* and put his hands on a nearby car in response to a police order to put his hands on the car).

7

\* \* \*

At no point did Veney voluntarily submit to a show of authority. He therefore was not seized until Officer Torres blocked his path. By then, Officer Torres could see the bulge of Veney's gun in his waistband, and Veney does not dispute that the bulge gave Officer Torres the reasonable suspicion required for the stop and frisk that followed. *See Terry v. Ohio*, 392 U.S. 1, 27 (1968).

We therefore affirm the judgment of the district court.

*So ordered.*